SCHIRA, Appellee,

v.

CITY OF STOW, Appellant.

[Cite as *Schira v. Stow* (1990), 69 Ohio App.3d 841.]

Court of Appeals of Ohio,
Summit County.

No. 14625.

Decided Oct. 17, 1990.

*John A. Daily*, for appellee.

*L. James Martin*, for appellant.

BAIRD, Judge.

This cause comes before the court upon the appeal of the city of Stow ("the city") from the judgment of the Summit County Court of Common Pleas which affirmed the decision of the Stow Civil Service Commission ("the commission"). We affirm.

On November 19, 1989, the commission found that Stow Police Detective Kenneth Schira, appellee herein, had performed supervisory duties for a period of two years, and ordered the city to pay Schira the difference between a detective's and a sergeant's rate of pay for that period. The city appealed the commission's decision to the Summit County Court of Common Pleas, pursuant to R.C. 2506.01, and raised the following assignments of error:

### Assignments of Error

"I. Stow's Civil Service Commission exceeded its jurisdiction and authority in conducting a job audit without a pre-existing job classification plan.

"II. Stow Civil Service Commission lacks jurisdiction to support is [*sic*] decision—specifically, concerning and purported [*sic*] financial or wage order.

"III. The Commission violated the provisions of Chapter 4117 by its actions."

The common pleas court reviewed the transcript of the commission's hearing and found "sufficient, relevant, competent, and credible evidence presented before the Stow Civil Service Commission" and affirmed the commission's decision.

The city appeals the judgment of the common pleas court, and raises one assignment of error.

### Assignment of Error

"The Common Pleas Court erred in failing to consider and decide all assigned errors on appeal."

The city relies upon App.R. 12(A) for the proposition that a court of appeals must specifically address all errors assigned and briefed. Although appellant correctly states the substance of the rule, it incorrectly argues that App.R. 12 applies to the common pleas courts in administrative appeals under R.C. 2506.04.

Under R.C. 2506.01, the decisions of the commission may be reviewed by the courts of common pleas "as provided by Chapter 2505 of the Revised Code, *except as modified by this chapter* * * *." (Emphasis added.) R.C. Chapter 2505, and specifically R.C. 2505.03 upon which appellant relies, does permit the application of some of the Rules of Appellate Procedure in administrative appeals. However, R.C. Chapter 2505 is modified by R.C. 2506.04, the statute under which the common pleas court reviewed the commission's decision.

Under R.C. 2506.04, a common pleas court may:

" * * * find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court."

This statute requires only that the common pleas court review the commission's decision to determine whether it was supported by the preponderance of substantial, reliable and probative evidence; there is no requirement that the court address all assignments of error. Indeed, this court has previously held that " * * * [t]hough there is a requirement that a court of appeals rule upon all assignments of error properly submitted (App.R. 12[A]), there is no similar requirement relating to common pleas court, which is required to meet only that issue or those issues which are necessary in order

to resolve the case." *In re Annexation of 1,544.61 Acres* (1984), 14 Ohio App.3d 231, 235, 14 OBR 259, 263, 470 N.E.2d 486, 491.

The appellant's sole assignment of error is overruled. The judgment of the common pleas court is affirmed.

*Judgment affirmed.*

REECE, P.J., and QUILLIN, J., concur.